IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01453-BNB

EDITH BUNTING,
    Plaintiff,

v.

STATE OF COLORADO,
PARK EAST MENTAL HEALTH,
DENVER GENERAL HOSPITAL,
DENVER COUNTY JAIL,
CMHIP,
SOCIAL SERVICES, and
BOULDER CO. MENTAL HEALTH,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2008

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Edith Bunting, initiated this action by filing *pro se* a Complaint. The court must construe the Complaint liberally because Ms. Bunting is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Bunting will be ordered to file an amended complaint.

The court has reviewed the Complaint and has determined that the Complaint is deficient. First, Ms. Bunting fails to provide an address for each named Defendant. Ms. Bunting has asked the court to direct the United States Marshals Service to serve process in this action, but service cannot be effected without an address for each named Defendant.

In addition, the court finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Bunting fails to set forth a short and plain statement of the grounds for the court's jurisdiction. In other words, Ms. Bunting fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action. Although the court clearly has jurisdiction over Mr. Bunting's claims that her rights under the United States Constitution have been violated, it is not clear whether she is asserting constitutional claims against all of the Defendants.

2

Ms. Bunting also fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Bunting's specific claim against each named Defendant is not clear and it also is not clear why she is suing all of the named Defendants in a single action. Persons may be joined as defendants in a single action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

For these reasons, Ms. Bunting will be ordered to file an amended complaint. Ms. Bunting is advised that, in order to state a claim in federal court, her amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Bunting file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Bunting, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Bunting fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED July 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01453-BNB

Edith Bunting
804 Summer Hawk Dr. #11-206
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk