IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01453-BNB

EDITH BUNTING,

    Plaintiff,

v.

STATE OF COLORADO,
PARK EAST MENTAL HEALTH,
DENVER GENERAL HOSPITAL,
DENVER COUNTY JAIL,
CMHIP,
SOCIAL SERVICES, and
BOULDER CO. MENTAL HEALTH,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff Edith Bunting initiated this action by filing *pro se* a complaint. On July 23, 2008, Magistrate Judge Boyd N. Boland ordered Ms. Bunting to file an amended complaint. Ms. Bunting specifically was advised that she must provide an address for each named Defendant and that the amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. On July 29, 2008, Ms. Bunting filed an amended complaint. Ms. Bunting has provided an address for each named Defendant in the amended complaint as well as a brief description of the case that was not in the original complaint. The remainder of the amended complaint, including all of the claims and supporting allegations, are identical to the claims and supporting allegations set forth in the original complaint.

The Court must construe the amended complaint liberally because Ms. Bunting is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

The Court agrees with Magistrate Judge Boland that the claims and supporting allegations set forth by Ms. Bunting fail to provide a short and plain statement of her claims showing that she is entitled to relief. As Magistrate Judge Boland advised Ms. Bunting, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Ms. Bunting fails to make specific factual allegations in support of her claims and she fails to identify the specific legal rights that she believes were violated with respect to each claim. As noted above, the claims and supporting allegations in the amended complaint are identical to the claims and supporting allegations in the original complaint that Magistrate Judge Boland determined were deficient.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Ms. Bunting places upon the Court and Defendants to identify, interpret, and respond to her claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 17 day of Sept., 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01453-BNB

Edith Bunting
804 Summer Hawk Dr. #11-206
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk